David W. Scofield - 4140
**PETERS | SCOFIELD**
*A Professional Corporation*
7430 Creek Road, Suite 303
Sandy, Utah  84093-6160
Telephone:     (801) 322-2002
Facsimile:     (801) 912-0320
Email: dws@psplawyers.com

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ROSE PAPRAKIS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SKULLCANDY, INC., S. HOBY DARLING, DOUG COLLIER, HEIDI O'NEIL, JEFF KEARL, SCOTT OLIVET, GREG WARNOCK, RICK ALDEN, and JASON HODELL,<br><br>Defendants. | JOINT STIPULATED MOTION TO DISMISS ACTION AS MOOT AND RETAIN JURISDICTION TO DETERMINE PLAINTIFFS' COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES<br><br>No. 2:16-cv-00810-DB |

WHEREAS, Skullcandy, Inc. ("Skullcandy" or the "Company") entered into an agreement and plan of merger with Incipio, LLC ("Incipio") and its affiliate Powder Merger Sub ("Merger Sub") on June 23, 2016 (the "Merger Agreement"), pursuant to which Incipio would acquire Skullcandy for $5.75 per share in cash (the "Proposed Transaction"), and pursuant to which

Skullcandy would immediately commence a 30-day "go-shop" period, during which time Skullcandy actively solicited alternative proposals to acquire Skullcandy from third parties;

WHEREAS, on June 27, 2016, Skullcandy announced the receipt of an acquisition proposal from Mill Road Capital ("Mill Road");

WHEREAS, Incipio and Merger Sub commenced a tender offer to consummate the Proposed Transaction on July 6, 2016;

WHEREAS, on July 6, 2016, the Company filed a Schedule 14D-9 solicitation/recommendation statement ("Recommendation Statement") with the SEC in support of the Proposed Transaction;

WHEREAS, Plaintiff Rose Paprakis ("Plaintiff") filed a complaint on July 19, 2016 on behalf of a putative class of Skullcandy stockholders against Skullcandy and its directors ("Defendants"), regarding alleged violations of Sections 14(d)(4), 14(e), and 20(a) of the Securities Exchange Act of 1934 arising from the dissemination of the Recommendation Statement;

WHEREAS, on July 25, 2016, Skullcandy announced the end of the go-shop period and the receipt of an acquisition proposal from Mill Road, which the Board determined was reasonably likely to lead to a Superior Proposal under the Merger Agreement;

WHEREAS, Karen L. Bernicke (with Ms. Paprakis, the "Stockholder-Plaintiffs") filed a complaint on July 26, 2016 on behalf of a class of Skullcandy stockholders against Defendants, regarding alleged violations of Sections 14(d), 14(e), and 20(a) of the Securities Exchange Act of 1934 arising from the dissemination of the Recommendation Statement (the "Bernicke Action");

WHEREAS, on August 3, 2016, Skullcandy announced that Incipio had increased the Proposed Transaction price from $5.75 per share to $6.10 per share;

WHEREAS, on August 5, 2016, the Stockholder-Plaintiffs wrote jointly to Defendants' counsel requesting Defendants disclose information relating to the following: (1) the time frame

during which Skullcandy management negotiated employment agreements; (2) the specific amount of fees Peter J. Solomon Securities Company, LLC ("PJSC"), Skullcandy's financial advisor, and Natixis, S.A. (which had recently acquired a stake in PJSC) earned for services to Skullcandy and Incipio in the past two years; (3) the financial benefits Natixis may receive as a result of its investments in an Incipio investor; (4) whether certain nondisclosure and standstill agreements remained in effect; and (5) Skullcandy's financial projections, including free cash flow figures and segment figure breakdown;

WHEREAS, on August 5, 2016, Defendants made certain supplemental disclosures in an amendment to the Recommendation Statement;

WHEREAS, on August 8, 2016, Plaintiff Rose Paprakis filed a motion for a temporary restraining order and preliminary injunction regarding disclosure of the Company's projected free cash flows and also wrote to Defendants to demand disclosure of the Company's projected free cash flows;

WHEREAS, on August 9, 2016, Defendants filed an amendment to the Recommendation Statement with the SEC disclosing information regarding the Company's projected free cash flows;

WHEREAS, on August 9, 2016, the Stockholder-Plaintiffs withdrew the motion for a temporary restraining order and preliminary injunction as moot;

WHEREAS, on August 17, 2016, the Stockholder-Plaintiffs contacted counsel for Defendants by email requesting the production of documents and requesting that Defendants continue to negotiate in good faith with all bidders to maximize stockholder value;

WHEREAS, on August 18, 2016, Skullcandy filed an amendment to the Recommendation Statement with the SEC disclosing that Mill Road had submitted a written indication of interest to acquire all Skullcandy shares for $6.35 per share in cash;

2

WHEREAS, on August 23, 2016, Skullcandy terminated the Merger Agreement, and on August 24, 2016, Incipio withdrew its tender offer;

WHEREAS, on September 1, 2016, Skullcandy filed a new solicitation/recommendation statement on Form 14D-9 recommending that Skullcandy stockholders tender their shares to Mill Road for $6.35 per share;

WHEREAS, the Stockholder-Plaintiffs believe and contend that the supplemental disclosures contained material information and disclosed additional material facts that mooted certain meritorious claims set forth in the Stockholder-Plaintiffs' complaints;

WHEREAS, the Stockholder-Plaintiffs believe that as a result of the supplemental disclosures and the Stockholder-Plaintiffs' interactions with counsel for Defendants, the Stockholder-Plaintiffs' actions have caused and provided a compensable benefit to Skullcandy stockholders;

WHEREAS, Defendants do not admit that the supplemental disclosures contained any additional material facts that mooted any meritorious claims, and Defendants deny that any claim asserted in the above-captioned actions is meritorious;

WHEREAS, counsel for Plaintiff Rose Paprakis seek to dismiss the above-captioned action with prejudice as to Ms. Paprakis only, and without prejudice as to all unnamed members of the putative class, and to submit a motion for an award of attorneys' fees and reimbursement of expenses with the cooperation of, and also on behalf of, Ms. Bernicke and her counsel (the "Fee and Expense Motion") in connection with the supplemental disclosures and benefits provided to Skullcandy's stockholders;

WHEREAS, no compensation in any form has passed directly or indirectly to the Stockholder-Plaintiffs or their attorneys and no promise or agreement to give any such compensation has been made;

3

WHEREAS, Defendants reserve the right to oppose any potential Fee and Expense Motion;

WHEREAS, the parties currently intend to meet and confer concerning the Stockholder-Plaintiffs' potential Fee and Expense Motion, and if the parties are unable to reach an agreement concerning such motion, the parties intend to ask the Court to set a stipulated briefing schedule;

WHEREAS, no class has been certified in the above-captioned actions;

NOW, THEREFORE, subject to approval and entry of an order by the Court, the parties stipulate as follows:

The above-captioned action is dismissed, and the claims asserted therein are dismissed with prejudice as to the named Plaintiff and without prejudice as to all other members of the putative class.

Because no class has been certified, the dismissal as to the putative class is without prejudice, no compensation in any form has passed directly or indirectly to the Plaintiff or her attorneys, and no promise to give any such compensation has been made, dismissal without notice to the putative class members will not prejudice putative class members, and, therefore, pursuant to Rule 23(c)(2) of the Federal Rules of Civil Procedure, notice to the putative class members of this dismissal is not required.

The Court retains jurisdiction of the above-captioned action solely for the purpose of determining the Stockholder-Plaintiffs' potential Fee and Expense Motion.

This stipulation is without prejudice to any position, claim, or defense any party may assert with respect to the potential Fee and Expense Motion or any matter related thereto.

The parties shall meet and confer concerning payment of the Stockholder-Plaintiffs' fees and expenses.  If the parties are unable to reach an agreement concerning payment of the Stockholder-Plaintiffs' fees and expenses, the parties shall ask the Court to set a stipulated briefing and hearing schedule for Plaintiff's Fee and Expense Motion.

US-DOCS\71530755.1
88696579.1 0043664-00005

DATED: November 7, 2016

        **PETERS | SCOFIELD**
*A Professional Corporation*

/s/ David W. Scofield
David W. Scofield
**PETERS | SCOFIELD**
*A Professional Corporation*
7430 Creek Road, Suite 303
Sandy, Utah  84093-6160
Telephone:     (801) 322-2002
Facsimile:     (801) 912-0320
Email: dws@psplawyers.com

*Attorneys for Plaintiff Rose M. Paprakis and Karen S. Bernicke*

/s/ Monica S. Call
Monica S. Call
*(Signed by filing attorney with permission of Monica S. Call)*
**STOEL RIVES LLP**
Monica S. Call (11361)
monica.call@stoel.com
201 S. Main Street, Suite 1100
Salt Lake City, UT 84111
Telephone: (801) 328-3131

*Attorneys for Defendants Skullcandy, Inc., S. Hoby Darling, Scott Olivet, Greg Warnock, Rick Alden, Doug Collier, Jeff Kearl, Heidi O'Neill, and Jason Hodell*